### In re Powers.

*(Supreme Court, General Term, First Department. October 24, 1890.)*

1. Executors and Administrators — Allowance and Payment of Claims — Limitation.
    On an accounting by an executor upon his own petition, 14 years after his appointment, there having been no previous judicial settlement, he presented demands in his own favor, accruing during the life-time of the testator. *Held* that, under Code Civil Proc. N. Y. § 2740, which suspends the running of the statute of limitations against a debt due from a decedent to his executor until the first judicial settlement of the latter's account, such demands were not barred.

2. Same—Account Stated—Evidence.
    On a settlement of accounts a statement of the result, subscribed by the parties, showed a balance of a certain sum in favor of one of them, "carried to the new account, commencing" at a specified date. *Held*, that such statement in writing, without the production of the new account, was sufficient proof of the balance stated as a claim against the estate of the debtor after his decease.

3. Same—Negotiable Instruments—Consideration—Evidence.
    One claiming against the estate of a decedent a balance on an account stated with the latter to a certain date also presented a claim on a note subsequently made and delivered to him by the decedent. *Held*, that the presumption that the note contained the entire debt owing to him at its date was removed by proof that it was given for a special service in saving certain designated property.

4. Testamentary Powers—Sale of Land to Pay Debts.
    Testatrix bequeathed most of her personal estate to her daughter, and directed her debts not secured by mortgage, legacies, and funeral and testamentary expenses, to be paid out of her property, not distinguishing personal from real property; and she gave her executor power to sell her real estate in terms broad enough to authorize such sale for any purpose connected with the necessary management of her estate. The personal property not bequeathed to her daughter was insufficient to pay her debts. *Held*, that the executor was authorized to sell real estate to pay debts, and that the proceeds of such sales were applicable in payment of demands in favor of the executor as well as any other debts of testatrix.

Appeal from surrogate's court, New York county.

Petition by George A. Powers, executor of Sarah Macomber, deceased, for a judicial settlement of his accounts. From the final decree thereon Mary L. O'Flynn, one of the beneficiaries under the will, appeals.

Argued before Van Brunt, P. J., and Brady and Daniels, JJ.

*William J. Gaynor*, for appellant.  *Ingraham & Allen,* (*Edward E. Sprague*, of counsel,) for respondent.

DANIELS, J.    Letters testamentary were issued on the estate to the executor on the 10th day of April, 1873.    But his petition for the settlement of his accounts was not presented before the latter part of September, 1887.    The accounts, as they were made out, were objected to by the appellant Mary L. O'Flynn, who was entitled to one-fifteenth of the estate of the testatrix. There were no creditors who had not been paid except the executor himself, and the other persons interested in the estate under the will consented to the settlement of the accounts as that has been made by the decree.    The executor presented two demands in his own favor as debts accruing to him in the life-time of the testatrix, who departed this life on the 5th of April, 1873. The allowance of these demands was resisted on the ground that they had become barred by the statute of limitations.    But prior to this settlement no judicial settlement of the accounts of the executor had ever taken place.    And by section 2740 of the Code of Civil Procedure it has been declared that from the death of the decedent until the first judicial settlement of the account of his executors or administrator the running of the statute of limitations against a debt due from the decedent to the accounting party, or any other cause of action in favor of the latter against the decedent is suspended, unless the accounting party was appointed upon the revocation of former letters issued to another person, in which case the running is so suspended from the issuing of letters to him until the first judicial settlement of his accounts.    This section is very plainly expressed.    It has not made the suspension of the statute of limitations dependent upon any active diligence on the part of the executor in the settlement of his accounts, or upon any obligation to take proceedings for their settlement within any specific or assignable period.    But it has extended the suspension unqualifiedly until the first judicial settlement.    And where that has not been accelerated by creditors, legatees, or next of kin, as it may be after the expiration of one year, the time when it shall take place has necessarily been assigned to the volition of the accounting party.    The law has been in that manner expressed and enacted, and the courts are required to enforce it so as to effectuate its very evident intention; and that required this objection to be overruled, as it was, both by the referee and the surrogate, when he confirmed the report.    The executor had improved and managed the estate of the testatrix during the latter part of her life, under a very general power of attorney executed and delivered to him by her.    And for several years they had made yearly settlements, ascertaining and stating the balance from time to time owing to him, and these were authenticated by her signature.    Such a settlement took place in the year preceding the decease of the testatrix, and this statement of its result was subscribed by these persons:    "All accounts hereinbefore contained having been examined, approved of, passed, and settled on this day, we release and discharge each other of and from all further examination of said accounts, the vouchers and charges having been found correct, leaving a balance in favor of George A. Powers of thirty-seven thousand six hundred and thirty-three 66-100 ($37,633.66) dollars, which is carried to the new account, commencing May 1st, 1872, and is to draw interest from date.    SARAH MACOMBER.    GEORGE A. POWERS.    Witness: J. H. KUHLKE.    FRANCIS D. MORRIS."    The balance mentioned in this statement, with the interest which had accrued upon it, was presented by the executor as a demand in his favor against the estate, and it was allowed him in the settlement sanctioned by the decree.    The proof in this manner made was objected to as insufficient to justify the allowance of the demand, for the reason that the book to which the admitted balance was stated to have been carried was not produced by the executor.    But there was no evidence that anything was contained in that book more than was stated in

this instrument, and that was that the amount alone had been carried to that book; and the absence of that entry in no respect reduced the force or effect of this admission of indebtedness. It was an absolute statement of a fixed and ascertained balance, creating a legal obligation for the payment of the amount against the testatrix and her estate; and it was preceded by the statement that the book containing it began May 1, 1871, and ended with April, 1872. The statement was in no respect impeached, but it appeared to be thoroughly reliable, and it sustained the allowance made on the faith of it for this balance and its accrued interest. The testatrix, on the 11th of December, 1872, made and delivered to her son-in-law, who was this executor, her promissory note for the sum of $25,000, payable one year after date, with interest, and that amount, with interest, was also allowed to him by the surrogate. A presumption did arise from the making and delivery of the note that it contained the entire debt owing at its date to the person to whom it was given. But this was removed by the testimony of the witness, who was present when the note was given, and who stated that when the testatrix signed and handed the note to her attorney she said, "Here, George, I give you this as part payment for what you have done for me in saving that Brooklyn property." The correctness of this testimony was not disturbed by the further examination of the witness, neither was any fact, or other evidence, brought into the case, which tended to subject it to discredit; and as the referee who had the the witness before him was favorably impressed by this testimony, it cannot be disregarded upon this appeal, but it should be accepted as sufficient proof that the note had been given for a different demand from those included in the preceding settlement. And that deprived the presumption arising upon the form of the note, that it was given for the balance then unpaid, of its effect as evidence in the case. The proof was that it had not been so given, but that it was to compensate the person receiving it for a special service in saving a designated parcel of Brooklyn property.

The testatrix bequeathed the most of her personal estate to her daughter, who was the wife of her executor, and directed her debts not secured by mortgage, legacies, funeral and testamentary expenses, to be paid out of her property without distinguishing the personal from the real property. She blended both descriptions of property together for this object, and thereby rendered her debts payable out of her real estate, so far, at least, as her personal estate should prove insufficient for their payment. *Hall* v. *Thompson*, 23 Hun, 334. And that subjected it to the power vested by the will in the executor, at any time before the final division and settlement of the estate, and whenever he should think proper so to do, either for the purpose of paying off incumbrances, or for protecting the real estate, or of more equitably or conveniently dividing it, or for any other purpose which in his discretion might render it advisable, "to sell and convey, or to mortgage any part or parts, portion or portions, share or shares, of" her real estate, except the plot or plots owned by her in Greenwood cemetery. This power was so broadly given as to authorize a sale for any object connected with and forming part of the necessary management of her estate, and therefore included the authority to make sales for the payment of debts in case the personal estate left subject to the disposal of the executor was not sufficient to pay them. That this was within the intention of the testatrix admits of no substantial ground of doubt. Her debts, aside from what was owing to the executor, and for funeral and testamentary expenses, the amount of which do not clearly appear, were, with interest upon them, the sum of $6,574.92, and her personal estate, not bequeathed by the will to her surviving daughter, amounted to no more than $1,519. This deficiency created the necessity for the sale of real estate by the executor to obtain money for the payment of debts, funeral and testamentary expenses; and sales were from time to time made by him which may reasonably be inferred to have taken place to supply this neces-

sity. These sales produced the sum of $10,650, which was included as an item in the settled accounts of the executor. But it has been objected on the part of the contestant that this should not have been permitted, and the objection would have been well founded, so far as any residue remained after paying the debts, if these two demands had not been then maintained in favor of the executor. But they were, and those proceeds then remained as applicable to them as to any other debt owing by the testatrix at the time of her decease. The residue which had been realized by him from other sources was far below the amount owing to himself, and to make it up in part, as he does not appear to have employed the power for his own benefit, it was legally right to apply the remaining proceeds to the partial payment of the demands which had been established in his own favor; for when they had been proven, they were as completely payable out of the real estate as any other debts were which the testatrix left unpaid. The other objections made to the use of the power of sale by the executor are disposed of by the construction given to so much of the will as created the power, and provided for the payment of debts, funeral and testamentary expenses, out of the property of the estate. They accordingly do not require any special or further consideration. The substantial controversy has been directed to these three subjects, and, as the decree seems to be right in the disposition it has made of them, it should be affirmed, with costs. All concur.